UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION


WILLIE RIDDLE,

                   Petitioner,                                   Hon. Janet T. Neff

v.                                                  Case No. 1:09-CV-813

NICK LUDWICK,

                   Respondent.

_____/


**REPORT AND RECOMMENDATION**

        This matter is before the Court on Riddle's petition for writ of habeas corpus. In accordance with 28 U.S.C. § 636(b) authorizing United States Magistrate Judges to submit proposed findings of fact and recommendations for disposition of prisoner petitions, the undersigned recommends that Riddle's petition be **denied**.


**BACKGROUND**

        As a result of conduct which occurred over a prolonged period of time between Petitioner and his young daughter and step-daughter, Petitioner was charged with six counts of First Degree Criminal Sexual Conduct, two counts of Second Degree Criminal Sexual Conduct, and two counts of Assault with the Intent to Commit Criminal Sexual Conduct.  (Dkt. #11).

        At a hearing on October 20, 2006, the prosecuting attorney informed the court that she believed that a plea agreement had been negotiated with Petitioner.  (Plea Hearing, Oct. 20,

2006, 3-4).   According to the prosecutor, Petitioner agreed to plead guilty to one count of First Degree Criminal Sexual Conduct and plead no contest to one count of First Degree Criminal Sexual Conduct.  (Tr. 4).   In return, the prosecuting attorney agreed to dismiss the remaining charges and not charge Petitioner with being an habitual offender.  (Tr. 4).   The prosecutor also agreed to recommend that Petitioner receive a prison sentence of seven and one-half to 25 years.  (Tr. 4).   The prosecutor further agreed to not charge Petitioner with witness intimidation arising out of conduct while he was housed at the Kalamazoo County Jail.  (Tr. 4).   Petitioner's counsel agreed that this constituted "a complete and accurate statement of the plea agreement."  (Tr. 4).   Petitioner stated that understood and agreed with the terms of the plea agreement.  (Tr. 5).   Petitioner then pleaded guilty to one count of First Degree Criminal Sexual Conduct and pleaded no contest to one count of First Degree Criminal Sexual Conduct.  (Tr. 5-12).

On December 4, 2006, Petitioner moved to withdraw his plea.  (Motion Hearing, Dec. 4, 2006, 4).   The prosecuting attorney opposed Petitioner's request.  (Tr. 4-5).   The trial judge did not rule on Petitioner's request, but instead adjourned the matter for one week.  (Tr. 10).   On December 11, 2006, Petitioner stated to the trial judge that he wanted "to proceed under the plea agreement."  (Sentencing Transcript, Dec. 11, 2006, 4).   Petitioner was sentenced to serve seven and one-half to 25 years in prison.  (Tr. 15).

Petitioner subsequently moved in the Michigan Court of Appeals for leave to appeal, asserting the following claims:

> I.     Mr. Riddle's conviction should be vacated and his case remanded for trial because manifest and serious error occurred when the trial court made comments regarding his motion for plea withdrawal that were coercive and threatening, causing him to waive his constitutional right to a trial.

2

II.     Mr. Riddle is entitled to resentencing because the trial
court did not properly address objections made to the
presentence report.

The Michigan Court of Appeals denied Petitioner's motion "for lack of merit in the

grounds presented." *People v. Riddle*, No. 277673, Order, (Mich. Ct. App., June 5, 2007).

Asserting the same claims, Petitioner moved in the Michigan Supreme Court for leave to appeal.

The court remanded the matter to the trial court "for amendment of the presentence report," but

otherwise denied Petitioner's request. *People v. Riddle*, No. 134198, Order (Mich., Sept. 24, 2007).

Petitioner later filed in the trial court a motion for relief from judgment in which he

asserted the following claims:

I.     Offense Variables (OV) 4 and 13 and Prior Offense
Variables (PRV) 1, 2, 5, and 7 were incorrectly
scored, which resulted in an invalid sentence.

II.    Petitioner's guilty plea was involuntary and based on
an illusory plea bargain.

III.   Ineffective assistance of counsel in failure to object to
the above issues.

The trial court denied Petitioner's motion. *People v. Riddle*, No. D06-001346-FC,

Opinion and Order (Kalamazoo Cnty. Cir. Ct., Apr. 21, 2008).  Petitioner subsequently filed in the

Michigan Court of Appeals a "Delayed Application for Leave to Appeal" in which he asserted the

same three claims.  The Michigan Court of Appeals denied Petitioner's request because he "failed

to meet the burden of establishing entitlement to relief under MCR 6.508(D)." *People v. Riddle*, No.

286403, Order (Mich. Ct. App., Dec. 8, 2008).  Petitioner appealed the matter to the Michigan

Supreme Court, which likewise rejected Petitioner's application because he "failed to meet the

burden of establishing entitlement to relief under MCR 6.508(D)." *People v. Riddle*, No. 286403,

Order (Mich., Aug. 6, 2009).  On September 2, 2009, Petitioner initiated the present action, asserting the five claims identified above.

## STANDARD OF REVIEW

Riddle's petition is subject to the provisions of the Antiterrorism and Effective Death Penalty Act (AEDPA), as it amended 28 U.S.C. § 2254.  The AEDPA amended the substantive standards for granting habeas relief under the following provisions:

> (d)    An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim —
>
> (1)    resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States, or
>
> (2)    resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d).

The AEDPA has "modified" the role of the federal courts in habeas proceedings to "prevent federal habeas 'retrials' and to ensure that state-court convictions are given effect to the extent possible under law."  *Bell v. Cone*, 535 U.S. 685, 693 (2002).

Pursuant to § 2254(d)(1), a decision is "contrary to" clearly established federal law when "the state court arrives at a conclusion opposite to that reached by [the Supreme] Court on a question of law" or "if the state court confronts facts that are materially indistinguishable from a relevant Supreme Court precedent and arrives at an opposite result."  *Ayers v. Hudson*, 623 F.3d 301,

4

307 (6th Cir. 2010) (quoting *Williams v. Taylor*, 529 U.S. 362, 405 (2000)).

   Prior to *Williams*, the Sixth Circuit interpreted the "unreasonable application" clause of § 2254(d)(1) as precluding habeas relief unless the state court's decision was "so clearly incorrect that it would not be debatable among reasonable jurists." *Gordon v. Kelly*, 2000 WL 145144 at *4 (6th Cir., February 1, 2000); *see also*, *Blanton v. Elo*, 186 F.3d 712, 714-15 (6th Cir. 1999). The *Williams* Court rejected this standard, indicating that it improperly transformed the "unreasonable application" examination into a subjective inquiry turning on whether "at least one of the Nation's jurists has applied the relevant federal law in the same manner" as did the state court. *Williams*, 529 U.S. at 409.

   In articulating the proper standard, the Court held that a writ may not issue simply because the reviewing court "concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly." *Williams,* 529 U.S. at 411. Rather, the Court must also find the state court's application thereof to be *objectively* unreasonable. *Bell*, 535 U.S. at 694; *Williams*, 529 U.S. at 409-12. Accordingly, a state court unreasonably applies clearly established federal law if it "identifies the correct governing legal principle from the Supreme Court's decisions but unreasonably applies that principle to the facts of the prisoner's case" or if it "either unreasonably extends or unreasonably refuses to extend a legal principle from the Supreme Court precedent to a new context." *Ayers*, 623 F.3d at 307. Furthermore, review under § 2254(d)(1) "is limited to the record that was before the state court that adjudicated the claim on the merits." *Cullen v. Pinholster*, - - - S.Ct. - - -, 2011 WL 1225705 at *8 (Apr. 4, 2011).

   Pursuant to 28 U.S.C. § 2254(d)(2), when reviewing whether the decision of the state

court was based on an unreasonable determination of the facts in light of the evidence presented, the "factual determination by [the] state courts are presumed correct absent clear and convincing evidence to the contrary." *Ayers*, 623 F.3d at 308. Accordingly, a decision "adjudicated on the merits in a state court and based on a factual determination will not be overturned on factual grounds unless objectively unreasonable in light of the evidence presented in the state-court proceeding." While this standard is "demanding" it is "not insatiable." *Id.*

For a writ to issue pursuant to § 2254(d)(1), the Court must find a violation of clearly established federal law "as set forth by the Supreme Court at the time the state court rendered its decision." *Stewart v. Irwin*, 503 F.3d 488, 493 (6th Cir. 2007). This definition of "clearly established federal law" includes "only the holdings of the Supreme Court, rather than its dicta." *Bailey v. Mitchell*, 271 F.3d 652, 655 (6th Cir. 2001). Nevertheless, "the decisions of lower federal courts may be instructive in assessing the reasonableness of a state court's resolution of an issue." *Stewart*, 503 F.3d at 493.

As previously noted, § 2254(d) provides that habeas relief "shall not be granted with respect to any claim that was adjudicated on the merits" unless the petitioner can satisfy the requirements of either § 2254(d)(1) or § 2254(d)(2). This provision, however, "does not require a state court to give reasons before its decision can be deemed to have been 'adjudicated on the merits.'" *Harrington v. Richter*, 131 S.Ct. 770, 785 (2011). Instead, when a federal claim has been presented to a state court and the state court has denied relief, "it may be presumed that the state court adjudicated the claim on the merits." *Id.* at 784-85. Where such is the case, the Court must apply the deferential standard of review articulated above, rather than some other less deferential standard.

6

The presumption that the state court "adjudicated [a] claim on the merits" may be overcome only "when there is reason to think some other explanation for the state court's decision is more likely." *Id.* If this presumption is overcome, however, the Court reviews the matter de novo. *See Wiggins v. Smith*, 539 U.S. 510, 533-35 (2003) (reviewing habeas issue *de novo* where state courts had not reached the question); *see also, Maples v. Stegall*, 340 F.3d 433, 437 (6th Cir. 2003) (recognizing that *Wiggins* established *de novo* standard of review for any claim that was not addressed by the state courts).

## ANALYSIS

### I.        Claims Presented by Petitioner on Direct Appeal

As noted above two of the five claims asserted in the present petition were presented by Petitioner to the Michigan Court of Appeals and the Michigan Supreme Court.

#### A.        Trial Judge's Comments

As previously noted, Petitioner moved to withdraw his plea on December 4, 2006. The trial judge did not immediately rule on Petitioner's request, but instead adjourned the matter for one week to allow Petitioner to consider the matter. On December 11, 2006, Petitioner stated that he wished to abide by the plea agreement. Petitioner asserts that during the December 4, 2006 hearing, the trial judge made threatening comments which coerced him into abandoning his motion to withdraw his plea, thereby violating his constitutional right to trial.

First, the Court discerns nothing improper in the trial judge's comments during the December 4, 2006 hearing. *See, e.g., Lyell v. Renico*, 470 F.3d 1177, 1186-87 (6th Cir. 2006) (to

prevail on a claim of judicial bias, a habeas petitioner must demonstrate that the trial judge exhibited conduct "so extreme as to display clear inability to render fair judgment").  Moreover, criminal defendants have no constitutional right to withdraw a guilty plea which is made voluntarily, intelligently, and knowingly.  *See, e.g., Childrey v. Palmer*, 2010 WL 4923543 at *2 (W.D. Mich., Nov. 29, 2010) (citation omitted); *Jones v. Prelesnik*, 2011 WL 1429206 at *6 (E.D. Mich., Apr. 14, 2011) (citation omitted).  As discussed in detail below, Petitioner's decision (made approximately six weeks prior to the December 4, 2006 hearing) to plead guilty to one charge and no contest to another charge was voluntary, knowing, and intelligent.  In sum, the Court discerns nothing improper about the trial judge's comments and, furthermore, even if the trial judge's comments were improper such did not deprive Petitioner of any constitutional right.

This claim was summarily rejected, without comment or analysis, by both the Michigan Court of Appeals and the Michigan Supreme Court.  As previously noted, when a federal claim has been presented to a state court and the state court has denied relief, "it may be presumed that the state court adjudicated the claim on the merits."  In such a circumstance, the Court must apply the deferential standard of review articulated above, rather than some other less deferential standard.  The presumption that the state court "adjudicated [a] claim on the merits" may be overcome only "when there is reason to think some other explanation for the state court's decision is more likely."

The Court discerns no reason to believe that the denial of this claim was based on anything other than its lack of merit.  Thus, the decision to reject this claim is subject to the deferential standard mandated by AEDPA.  In that regard, the Court concludes that the rejection of this claim is neither contrary to, nor involves an unreasonable application of, clearly established

federal law. Likewise, it was not based on an unreasonable determination of the facts in light of the evidence presented. Accordingly, this claim raises no issue upon which habeas relief may be granted. Furthermore, even if review of this claim is subject to the more favorable de novo standard of review, the result is the same as this claim is without merit.

### B.  Sentencing Claim

At sentencing, Petitioner objected to the presentence report. (Sentencing Transcript, December 11, 2006, 4-5). Specifically, Petitioner asserted that he "disagrees with the version as far as [the] agent's description of the offense." (Tr. 4-5). Petitioner also objected to the conclusion that "not only the victims but, also, the family are in fear of him." (Tr. 5). Petitioner asserts that he is entitled to resentencing because the trial judge did not properly address his objections to the presentence report.

It has long been recognized that when imposing sentence, "courts have broad discretion to consider various kinds of information." *United States v. Watts*, 519 U.S. 148, 151 (1997); *see also*, *Roberts v. United States*, 445 U.S. 552, 556 (1980) (a "fundamental sentencing principle" is that "a judge may appropriately conduct an inquiry broad in scope, largely unlimited either as to the kind of information he may consider, or the source from which it may come"). As the *Watts* Court observed, "[h]ighly relevant - if not essential - to [the judge's] selection of an appropriate sentence is the possession of the fullest information possible concerning the defendant's life and circumstances." *Watts*, 519 U.S. at 151-52. Sentencing courts may even consider past criminal behavior which did not result in a conviction, or for which the defendant was never tried. *See Id.* at 152 (citations omitted).

9

Sentences imposed on the basis of "misinformation of constitutional magnitude," however, may present grounds for habeas corpus relief. *Roberts*, 445 U.S. at 556 (citations omitted). To obtain habeas relief, however, Petitioner must demonstrate that "the information in question was materially false and that the trial court relied on it." *Potter v. Yukins*, 6 Fed. Appx. 295, 296 (6th Cir., Oct. 9, 2007) (citations omitted). As Petitioner has established neither proposition, any claim that he was sentenced on the basis of inaccurate information is without merit.

To the extent that Petitioner is claiming that his sentence violates state law, such cannot form the basis for relief in a federal habeas corpus action. *See, e.g., Tironi v. Birkett*, 252 Fed. Appx. 724, 725 (6th Cir., Oct. 26, 2007) ("challenges to the trial court's application of Michigan's sentencing guidelines also raise issues of state law not cognizable on habeas review"); 28 U.S.C. § 2254(a) (petitioner can obtain habeas relief only upon a showing that "he is in custody in violation of the Constitution or laws or treaties of the United States").

Finally, to the extent Petitioner asserts that his sentence violates the principle of proportionality articulated by the Michigan Supreme Court in *People v. Milbourn*, 461 N.W.2d 1 (Mich. 1990), such is without merit. First, any claim that Petitioner's sentence violates state law is not cognizable in this action. *See, e.g., Lunsford v. Hofbauer*, 1995 WL 236677 at *2 (6th Cir., April 21, 1995) (citing *Harmelin v. Michigan*, 501 U.S. 957, 965 (1991)) (recognizing that a claim that the sentencing court violated Michigan's principles of proportionality is not cognizable on federal habeas review).

Moreover, the Eighth Amendment to the United States Constitution "does not require strict proportionality between crime and sentence." *United States v. Layne*, 324 F.3d 464, 473 (6th Cir. 2003) (quoting *Harmelin*, 501 U.S. at 1001). Instead, the Eighth Amendment simply forbids

extreme sentences that are "grossly disproportionate" to the crime committed.  *Layne*, 324 F.3d at 473.  When a court assesses whether a sentence imposed by a state court satisfies the Eighth Amendment's "limited guarantee of proportionality," it must "grant substantial deference to the. . .legislatures. . .in determining the types and limits of punishments for crimes."  *Id.* at 473-74.  Accordingly, "a sentence within the maximum set by statute generally does not constitute cruel and unusual punishment." *Id.* at 474.  In this case, Petitioner's sentence is in absolutely no way "grossly disproportionate" to the crimes to which he pleaded guilty.

        This claim was summarily rejected, without comment or analysis, by both the Michigan Court of Appeals and the Michigan Supreme Court.  As previously noted, when a federal claim has been presented to a state court and the state court has denied relief, "it may be presumed that the state court adjudicated the claim on the merits."  In such a circumstance, the Court must apply the deferential standard of review articulated above, rather than some other less deferential standard.  The presumption that the state court "adjudicated [a] claim on the merits" may be overcome only "when there is reason to think some other explanation for the state court's decision is more likely."

        The Court discerns no reason to believe that the denial of this claim was based on anything other than its lack of merit.  Thus, the decision to reject this claim is subject to the deferential standard mandated by AEDPA.  In that regard, the Court concludes that the rejection of this claim is neither contrary to, nor involves an unreasonable application of, clearly established federal law.  Likewise, it was not based on an unreasonable determination of the facts in light of the evidence presented.  Accordingly, this claim raises no issue upon which habeas relief may be granted.  Furthermore, even if review of this claim is subject to the more favorable de novo standard

of review, the result is the same as this claim is without merit.

## II.        Claims First Presented by Petitioner in his Motion for Relief from Judgment

The remaining claims asserted in Riddle's petition were not presented on direct appeal, but were instead first raised in Petitioner's post-conviction motion for relief from judgment. Respondent asserts that Petitioner has procedurally defaulted these particular claims as a result of his failure to satisfy the requirements of Michigan Court Rule 6.508 which provides that a defendant may not collaterally attack a conviction based upon claims that were decided against him in a prior appeal or that could have been raised in a prior appeal.  M.C.R. 6.508(D)(2)-(3).

Under the procedural default doctrine, federal habeas review is barred where a state court declined to address a petitioner's claims because of a failure to satisfy state procedural requirements.  *See Coleman v. Thompson*, 501 U.S. 722, 729-30 (1991).  Where a petitioner's claims have been procedurally defaulted, the state court judgment rests on an independent and adequate state ground precluding review by a federal court.  *See Coleman*, 501 U.S. at 750-51; *Wainwright v. Sykes*, 433 U.S. 72, 81 (1977); *Harris v. Reed*, 489 U.S. 255, 262 (1989).  If a claim has been procedurally defaulted, federal habeas review is available only if the petitioner can establish either (1) the existence of cause for his default and actual prejudice resulting therefrom, or (2) that the failure to consider the merits of the claim will result in a fundamental miscarriage of justice.  *See Williams v. Bagley*, 380 F.3d 932, 966 (6th Cir. 2004) (citing *Coleman*, 501 U.S. at 750).

The Sixth Circuit employs a multi-part test to determine if a petitioner has procedurally defaulted a particular issue: (1) there must exist a state procedural rule that is applicable to the claim and with which the petitioner failed to comply; (2) the last state court

rendering a judgment in the matter must have actually enforced the state procedural rule; (3) application of the procedural rule in question must constitute an "independent and adequate" state ground on which the state can rely to foreclose review of a federal constitutional claim; and (4) the petitioner cannot demonstrate cause and prejudice excusing the default. *See Tolliver v. Sheets*, 594 F.3d 900, 928 n.11 (6th Cir. 2010).

While the trial court addressed in some detail the various claims asserted in Petitioner's motion for relief from judgment, the Michigan Court of Appeals and the Michigan Supreme Court both declined to review such on the ground that Petitioner "failed to meet the burden of establishing entitlement to relief under MCR 6.508(D)." Controlling authority in the Sixth Circuit used to hold that denial of leave to appeal on the basis that a petitioner "failed to meet the burden of establishing entitlement to relief under MCR 6.508(D)," constituted a sufficient determination that the court's conclusion was based on procedural default thereby precluding federal habeas review. *See, e.g., Burroughs v. Makowski*, 282 F.3d 410, 414 (6th Cir. 2002).

As the Sixth Circuit recently concluded, however, such form orders are no longer sufficient to establish that a petitioner has procedurally defaulted the claim in question. *See Guilmette v. Howes*, 624 F.3d 286, 288-92 (6th Cir. 2010). Instead, the Court must look to the "last reasoned state court opinion" to determine whether a particular claim has been denied on the merits or for failure to comply with a state procedural requirement. *Id.* at 291. Here, the "last reasoned state court opinion," is the decision by the trial judge denying Petitioner's motion for relief from judgment. *People v. Riddle*, No. D06-001346-FC, Opinion and Order (Kalamazoo Cnty. Cir. Ct., Apr. 21, 2008).[1]

---

[1] A copy of this decision is contained within docket entry #15.

A.      Incorrect Scoring of Various Offense Variables

Petitioner asserts that the trial judge incorrectly scored several of the offense variables that are taken into account in the application of the Michigan Sentencing Guidelines.  As noted above, however, claims challenging the scoring or application of the Michigan Sentencing Guidelines raise issues of state law which can afford Petitioner no relief in a federal habeas corpus action.  This claim, therefore, is without merit.

B.      Voluntariness of Petitioner's Guilty Plea

Petitioner asserts that he is entitled to habeas relief because his guilty plea was "involuntary" and "based on an illusory plea bargain."

A guilty plea is more than an admission that the accused performed certain acts, but is instead "a conviction." *Boykin v. Alabama*, 395 U.S. 238, 242 (1969).  Following a guilty plea "nothing remains but to give judgment and determine punishment." *Id.*  By pleading guilty a criminal defendant surrenders several important constitutional rights, including (a) the privilege against compelled self-incrimination; (b) the right to trial by jury; and (c) the right to confront one's accusers. *Id.* at 243.  To ensure that a criminal defendant is not improperly deprived of these (and other) rights, to be valid a guilty plea must be made "voluntarily, knowingly, and intelligently" with "sufficient awareness of the relevant circumstances and likely consequences." *Bradshaw v. Stumpf*, 545 U.S. 175, 183 (2005).

As noted above, the *Boykin* Court identified certain rights which a criminal defendant waives by pleading guilty.  While the *Boykin* Court made clear that waiver of these (and other) rights cannot be assumed, the Court did not hold that a guilty plea is valid only where a criminal defendant

14

was first notified as to each and every right he would be waiving by pleading guilty. *Boykin*, 395 U.S. at 243-44. In fact, less than one year after its *Boykin* decision the Supreme Court, in *Brady v. United States*, 397 U.S. 742 (1970), upheld the validity of a guilty plea even though the defendant had not been specifically advised of the rights identified by the *Boykin* Court. *Id.* at 743-58. With respect to its *Boykin* decision, the Court clarified its significance stating that "[t]he new element added in *Boykin* was the requirement that the record must affirmatively disclose that a defendant who pleaded guilty entered his plea understandingly and voluntarily." *Id.* at 747 n.4.

Accordingly, as other courts have since recognized, neither *Boykin* nor any other Supreme Court authority requires that a criminal defendant be specifically advised of any particular rights before his guilty plea can be deemed constitutionally valid. *See, e.g., Threadgill v. Galaza*, 2006 WL 2084165 at *3 (E.D. Cal., July 25, 2006) ("specific articulation of the *Boykin* rights is not the sine qua non of a valid guilty plea;" if the "record demonstrates that a guilty plea is knowing and voluntary, no particular ritual or showing on the record is required"); *United States v. Toles*, 1992 WL 129284 at *3 (9th Cir., June 4, 1992) ("*Boykin* does not require that the trial judge specifically list each right waived by a defendant who pleads guilty"); *Carter v. Brooks*, 2001 WL 169584 at *6-7 (D. Conn., Feb. 13, 2001) (the Supreme Court has "in no way intimated the precise terms of the inquiry that the trial judge should make of a defendant before accepting his plea" and "a guilty plea will not be invalidated simply because of the district court's failure. . .to enumerate one or more of the rights waived by the defendant as the result of such a plea"); *United States v. Smith*, 1990 WL 92601 at *2 (9th Cir., July 5, 1990) (the standard is not whether the trial judge specifically articulated certain rights, but whether "the plea represents a voluntary and intelligent choice among the alternative courses of action open to the defendant").

15

Accordingly, the relevant question presented by Petitioner's claim is not whether the trial judge specifically articulated or identified for Petitioner a list of the various rights he would be surrendering by pleading guilty. Rather, as noted above, the question is whether Petitioner's decision to plead guilty was made "voluntarily, knowingly, and intelligently" with "sufficient awareness of the relevant circumstances and likely consequences." The plea must represent "a voluntary and intelligent choice among the alternative courses of action open to the defendant." *Wilkerson v. Jones*, 109 Fed. Appx. 22, 23 (6th Cir., Aug. 6, 2004) (quoting *North Carolina v. Alford*, 400 U.S. 25, 31 (1970)). Determining whether a guilty plea satisfies this standard requires "an evaluation of all the relevant circumstances surrounding the plea." *King v. Dutton*, 17 F.3d 151, 153 (6th Cir. 1994).

At the October 20, 2006, plea hearing, the trial judge discussed the matter at length with Petitioner. The trial judge confirmed with Petitioner that he "had a full and complete opportunity to consult with" his attorney concerning the matter. (Plea Transcript, Oct. 20, 2006, 3). The trial judge informed Petitioner that if he proceeded to trial, he faced a sentence of life in prison on each of the six counts of First Degree Criminal Sexual Conduct and lesser terms of imprisonment on the other charges he faced. (Tr. 5-6). The trial judge confirmed with Petitioner that he voluntarily signed an advice of rights form, informing him of the various rights he would be surrendering by pleading guilty. (Tr. 8). The trial judge confirmed with Petitioner that prior to signing the advice of rights form he had an opportunity to discuss the matter with his attorney. (Tr. 8). The terms of the plea bargain were detailed, after which Petitioner stated that he understood and agreed to the terms of the plea bargain. (Tr. 3-11).

Petitioner's decision to plead guilty to one charge and no contest to another charge

16

in return for the dismissal of the numerous other charges and a sentence recommendation of no more than 25 years certainly constitutes an intelligent choice considering that Plaintiff faced life in prison if he was unsuccessful at trial.  Petitioner's argument that the plea bargain to which he agreed was illusory is absurd.  As Petitioner was clearly informed, he faced a sentence of life in prison if convicted on any of the six counts of First Degree Criminal Sexual Conduct.  The terms of the plea bargain were clearly articulated and allowed Petitioner to avoid a sentence of life in prison. Petitioner received the benefit of his bargain and in so doing received a tremendous benefit.

The trial judge rejected this claim.  This conclusion is neither contrary to, nor involves an unreasonable application of, clearly established federal law.  Furthermore, it is not based on an unreasonable determination of the facts in light of the evidence presented.  Accordingly, this claim raises no issue upon which habeas relief may be granted.


C.      Ineffective Assistance of Counsel

Petitioner asserts that his right to the effective assistance of counsel was violated when his trial attorney failed to object to: (1) the erroneous sentencing guidelines score, and (2) the illusory nature of his plea bargain.

To establish ineffective assistance of counsel, Petitioner must show both deficient performance by his counsel and prejudice resulting therefrom.  *See Premo v. Moore*, 131 S.Ct. 733, 739 (2011).  To establish deficient performance, Petitioner must show that "counsel's representation fell below an objective standard of reasonableness."  *Premo*, 131 S.Ct. at 739 (quoting *Strickland v. Washington*, 466 U.S. 668, 688 (1984)).  A court considering a claim of ineffective assistance must apply a "strong presumption that counsel's representation was within the 'wide range' of

17

reasonable professional assistance." *Premo*, 131 S.Ct. at 739 (quoting *Strickland*, 466 U.S. at 689). Petitioner's burden is to show that "counsel made errors so serious that [she] was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment." *Premo*, 131 S.Ct. at 739 (quoting *Strickland*, 466 U.S. at 687).

Petitioner must further establish that he suffered prejudice as a result of his attorney's allegedly deficient performance. Prejudice, in this context, has been defined as "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Premo*, 131 S.Ct. at 739 (quoting *Padilla v. Kentucky*, 130 S.Ct. 1473, 1485 (2010)); *see also*, *Mahdi v. Bagley*, 522 F.3d 631, 636 (6th Cir. 2008). The issue is whether counsel's representation "amounted to incompetence under 'prevailing professional norms,' not whether it deviated from best practices or most common custom." *Premo*, 131 S.Ct. at 739 (quoting *Strickland*, 466 U.S. at 690). This is a heavy burden for Petitioner to meet, because he must establish that his counsel's performance was "so manifestly ineffective that defeat was snatched from the hands of probable victory." *Jacobs v. Mohr*, 265 F.3d 407, 418 (6th Cir. 2001).

As the Supreme Court has made clear, even when reviewing an ineffective assistance of counsel claim *de novo*, "the standard for judging counsel's representation is a most deferential one." *Premo*, 131 S.Ct. at 740. Likewise, the standard by which petitions for habeas relief are judged is "highly deferential." Thus, when reviewing, in the context of a habeas petition, whether a state court unreasonably applied the *Strickland* standard, review is "doubly" deferential. *Id.* (citations omitted). As the Supreme Court recently concluded:

> The *Strickland* standard is a general one, so the range of reasonable applications is substantial. Federal habeas courts must guard against the danger of equating reasonableness under *Strickland* with unreasonableness under § 2254(d). When § 2254(d) applies, the

18

> question is not whether counsel's actions were reasonable. The
> question is whether there is any reasonable argument that counsel
> satisfied *Strickland*'s deferential standard.

*Id.* (internal citations omitted).

Even if the Court assumes that counsel was deficient for failing to object to the voluntariness of Petitioner's decision to plead guilty or to the allegedly illusory nature of the plea bargain, Petitioner cannot demonstrate that he suffered prejudice as a result. As discussed above, Petitioner's claim that his decision to plead guilty was not voluntary, knowing, and intelligent is without merit. Likewise, Petitioner's claim that he received no benefit from his plea bargain is without merit. Thus, Petitioner cannot have suffered prejudice as a result of counsel's failure to object to such.

As for counsel's failure to object to the scoring of certain sentencing variables, Petitioner has not established that his attorney was deficient for failing to object to such. Petitioner has failed to demonstrate that the sentencing variables in question were improperly scored. As detailed in the decision denying Petitioner's post-conviction motion for relief from judgment, the trial judge's scoring of the variables at issue is supported by the evidence. Under Michigan law, the scoring of the various sentencing variables will be upheld "if there is *any* evidence to support them." *People v. Holmes*, 2011 WL 2021930 at *5 (Mich. Ct. App., May 24, 2011) (emphasis added).

Moreover, Petitioner has failed to demonstrate that even if his counsel was deficient for failing to object to the calculation of his guideline score, that he was prejudiced thereby. Petitioner has failed to demonstrate that he would have received a lesser or more favorable sentence had counsel objected. Petitioner has failed to even argue, let alone establish, that were the variables in question scored as he deems appropriate such would have resulted in the imposition of a lesser

sentence. In this respect, the Court notes that the sentence Petitioner actually received was less than the guidelines (as allegedly incorrectly scored by the trial judge) recommended. (Sentence Transcript, Dec. 11, 2006, 7, 12).

The trial judge rejected this claim. This determination is neither contrary to, nor involves an unreasonable application of, clearly established federal law. Furthermore, it is not based on an unreasonable determination of the facts in light of the evidence presented. Accordingly, this claim raises no issue upon which habeas relief may be granted.

## CONCLUSION

For the reasons articulated herein, the undersigned concludes that Petitioner is not being confined in violation of the laws, Constitution, or treaties of the United States. Accordingly, the undersigned recommends that Riddle's petition for writ of habeas corpus be **denied**. The undersigned further recommends that a certificate of appealability be denied. *See Slack v. McDaniel*, 529 U.S. 473 (2000).

OBJECTIONS to this Report and Recommendation must be filed with the Clerk of Court within 14 days of the date of service of this notice. 28 U.S.C. § 636(b)(1)(C). Failure to file objections within the specified time waives the right to appeal the District Court's order. *Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).

Respectfully submitted,


Date: October 20, 2011                     /s/ Ellen S. Carmody
                                          ELLEN S. CARMODY
                                          United States Magistrate Judge